FILED

**NOT FOR PUBLICATION**

APR 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10318 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00096-JAM-2 |
| v. | |
| JOSEPH SILVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10330 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00096-JAM-1 |
| v. | |
| GEORGIA SILVA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 12, 2011[**]
San Francisco, California

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior District Judge.[***]

Joseph and Georgia Silvas' consolidated appeal seeks review of the district court's reasoned determination to permit the admission of "other acts" testimony, and exclude evidence of the Silvas' state trial proceedings, in the Silvas' federal trial in which a jury convicted each Appellant for interference with the federally protected activity of another resulting in injury, in violation of 18 U.S.C. §245(b)(2)(B). The Silvas also challenge the district court's finding that sufficient evidence supported their convictions.

The district court did not abuse its discretion in admitting the material, similar, and timely testimony, under Fed. R. Evid. 404(b), of Tanvir Hussain, Ashley Kelly, and Gregory Parnow, as "other act" evidence bearing on the Silvas' intent and motivation toward the victim in this matter. *See United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). The district court did not abuse its

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lesley Wells, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

discretion in excluding the Silvas' state proceedings as irrelevant to the instant federal charges and as unnecessarily confusing for the jury. *See United States v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1992). Viewed in the light most favorable to the prosecution, the evidence presented proved sufficient for a rational trier of fact to find, beyond a reasonable doubt, that the area in which the victim sustained the physical assault was part and parcel of the El Dorado Beach park. *See United States v. Webster*, 623 F.3d 901, 907 (9th Cir. 2010).

AFFIRMED.